# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 20-0289** (BOR Appeal No. 2054601)
(Claim No. 2019019922)

**LANCE R. DORNON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Lance R. Dornon, by Counsel J. Thomas Greene Jr. and T. Colin Greene, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on March 20, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its September 10, 2019, Order and held the claim compensable for right knee sprain. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
>           . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Dornon, a coal miner, injured his right knee in the course of his employment on March 7, 2019. A treatment note from Wheeling Hospital the following day indicates Mr. Dornon stated that he was using a jackhammer at work the prior day. He stated that he twisted his knee while using the jackhammer and stepping on and off of the platform. X-rays showed no acute findings. Mr. Dornon was diagnosed with right knee sprain.

The March 8, 2019, Employees' and Physicians' Report of Injury indicates Mr. Dornon was injured while getting on and off of a bolter on March 7, 2019. The physicians' section indicated he sustained a right knee sprain as a result of an occupational injury. The Ohio County Coal Company Report of Injury was also completed that day and indicates Mr. Dornon stated that he did not know how he was injured. He asserted that he developed right knee pain while he was at work. He worked his entire shift and reported the injury to his supervisor at the end of his shift. The claims administrator rejected the claim on March 20, 2019.

Mr. Dornon testified in a March 21, 2019, deposition that on the day he was injured, he was bolting at work. The area that he was working was high off of the ground and required him to jump on and off of the bolt head, about two to two and a half feet high. Mr. Dornon stated that he hurt his knee while stepping down. He testified that he completed his shift and reported the injury to his supervisor as soon as he saw him. Mr. Dornon denied any knee problems prior to the compensable injury. He stated that he initially reported a twisting injury because he that the uneven ground and stepping up and down caused the injury.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for right knee sprain in its September 10, 2019, Order. The Office of Judges found that it was more likely than not that Mr. Dornon sustained a right knee injury at work on March 7, 2019. It stated that he consistently described his injury in the emergency room, report of injury, and deposition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence indicates Mr. Dornon sustained a right knee sprain while stepping off of a platform in the course of his employment. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

ISSUED: May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton